**UNDERWOOD v. MALONEY.**

**DAWSON et al.**
v.
**MALONEY et al.**

Civ. A. Nos. 14398, 14547.

United States District Court
N. D. New York.

Jan. 6, 1954.

See, also, D.C.Pa., 14 F.R.D. 222.

Freedman, Landy & Lorry, Philadelphia, Pa., Begley, Diamond & Begley, Schenectady, N. Y., of counsel, for plaintiffs.

Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendants.

Charles A. Wolfe, Philadelphia, Pa., Bartle Gorman, Utica, N. Y., of counsel, for defendants.

Nathaniel L. Goldstein, Atty. Gen., State of N. Y., John R. Davison, Asst. Atty. Gen., of counsel, for J. Vernal Jackson.

FOLEY, District Judge.

This application by the plaintiffs, brought by the filing of a petition and an order to show cause based thereon, is for this district court for the Northern District of New York to grant leave and prescribe the terms to take the deposition by oral examination as a witness of Joseph S. Fay, who is confined in Clinton State Prison, Dannemora, New York. The two civil actions, in which such oral examination of Fay as a witness is sought, are at issue and pending in the United States District Court, Eastern District of Pennsylvania. The actions are equitable in nature and involve intra-union disputes between a certain local and its branches in the State of Pennsylvania and the International Union of Operating Engineers.

Ordinarily, such applications to examine any person by deposition upon oral examination "for the purpose of discovery or for use as evidence in the action or for both purposes" are routine and simple of decision. However, the failure of Rule 26(a) of the Federal Rules of Civil Procedure, 28 U.S.C., upon which the application is based, to state specifically the court or courts which shall grant leave and prescribe terms in regard to the deposition of a person confined in prison when such confinement is outside the territorial jurisdiction of the court where the action is pending has resulted in uncertainty and confusion in procedure.

Rule 26(a) states:

"When Depositions May Be Taken. Any party may take the testimony of any person, including a party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within 20 days after commencement of the action. The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45. Depositions shall be taken only in accordance with these rules. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes."

The last sentence of this provision is the important one in this discussion. It receives scant attention in Moore's Federal Practice, with no mention whatever as to the particular court which should grant leave and prescribe the terms for the oral examination in a situation as here. The matter is covered by the simple statement, "In order to secure leave of court in a situation of this kind the party seeking to take the deposition should make a showing of the necessity for taking the deposition. The court may grant or deny leave in its discretion". 4 Moore's Federal Practice, 2d Ed., page 1056. A discussion then follows, most significant to me, although it does not particularize the court. "Ordinarily the court would require the deposition to be taken at the prison. If for some exceptional and cogent reason it is desirable to take the deposition at a place other than at the prison, *the court has the same power to compel attendance at the deposition examination as it has to compel attendance at the trial*." (Italics supplied.) It is then pointed out as well settled that the District Court in Pennsylvania in a like situation would have

the power to issue a writ of habeas corpus ad testificandum to procure the presence of a person confined in New York at a civil trial in Pennsylvania. 4 Moore's, 2d Ed., pages 1056–1057; In re Thaw, 3 Cir., 166 F. 71; 28 U.S.C., § 1651.

A reading of Rule 26(a) as a whole and this discussion in Moore creates considerable doubt in my mind as to the propriety of this court in granting the order requested. The rule provision itself discusses the necessity for leave *after commencement of the action* and it would seem logical that the burden and responsibility to decide the necessity for taking the deposition should be placed originally upon the court in which the actions are filed. It would also seem reasonable that if such court of original jurisdiction would have the power to compel the presence of the witness at the actual trial it would have the power to grant the leave and prescribe the terms for the oral examination of such witness. Other provisions of the Federal Rules as to the court to grant relief are more specific than the rule here in question. Rule 30 (b) provides that after notice is served for the taking of a deposition, "the court in which the action is pending" may make an order that the deposition shall not be taken. Under the terms of Rule 30(d) the examination may be limited or terminated by "the court in which the action is pending or the court in the district where the deposition is being taken". In Rules 45(b) and 45(f) there seems to be no limitation as to the court in which relief there provided may be granted. See Shawmut, Inc. v. American Viscose Corp., D.C., 11 F.R.D. 562.

Peculiarly, despite my doubts, both parties to the action urge and do not dispute to any extent the jurisdiction of this court to act upon the application herein. The Warden of the State Prison, appearing by the Attorney General of the State of New York, takes a position of complete neutrality, with stated willingness to abide by the terms of any order this court may grant if such order be made. The plaintiffs argue that the

jurisdiction is solely in this district because the witness is personally within this district and because of the provisions of Rule 45(d) (1) authorizing the clerk to issue subpoenas when the deposition is to be taken within the district. This provision only relates to the ministerial act of the clerk and the court has no concern with such issuance. The plaintiffs submit no authority in behalf of their position.

The position of the defendants to urge and submit to jurisdiction here is an obvious one. The defendants attacked this same notice of examination as to Fay in the Eastern District of Pennsylvania before Hon. Thomas J. Clary, United States District Court Judge. After full hearing and submission of briefs as to necessity, irrelevancy, harassment, expense and other issues presented by the defendants, Judge Clary denied without prejudice the motion by the defendants to vacate and set aside the notice of taking the deposition of Fay. Later, Judge Clary, on December 4, 1953, amended his original order of denial without prejudice entered November 5, 1953, to a flat denial of the motion to vacate instead of a denial without prejudice.

In the face of this decision the defendants seek to argue the same issues before this court. The defendants now want more than their day in court upon the same issues. The plaintiffs on the other hand ask that I honor and place my stamp of approval upon Judge Clary's decision. In my judgment, both positions tend toward an incongruous and unseemly contest between district courts. One side asks that I sit as a judge in review and reverse Judge Clary, and the other asks that I place my pro forma approval upon his prior decision.

However, inasmuch as there is no stated limitation as to my jurisdiction in Rule 26(a) and inasmuch as both plaintiffs and defendants urge and submit to the jurisdiction of this court, I shall grant the motion to take the deposition of Fay.

The papers submitted show that Fay is no stranger to either the Local or the International Union. The Federal Rules are extremely liberal in their purpose of discovery and the authorities to the effect that such liberality should not be hampered are legion. See Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451.

Judge Clary decided the important issue of necessity, and my decision is the same. Despite my doubts, I seek mainly to avoid further circumlocution which is so contrary to the stated and simple function of the Federal Rules of Civil Procedure. Together with this decision, I shall sign and file with the clerk of the court the simple order submitted in behalf of the plaintiffs granting leave to take the deposition of Fay within the confines of Clinton State Prison, Dannemora, New York, on such date as may be designated by plaintiff's counsel.