655 F.2d 727
 Harry Melvin KENDRICK, Plaintiff-Appellant,
v.
Dan SCHNORBUS, Louisville Police Department, M. Taylor, J.
Jackson, R. Carpenter, R. Nichter, F. Portman, S. Owen, S.
Huffines, R. Knopp, R. Hubbard, S. Thompson & D. Johnson,
Police Officers, Defendants-Appellees.
 No. 79-3321.
 United States Court of Appeals,
Sixth Circuit.
 July 27, 1981.
 
 Harry Melvin Kendrick, pro se.
 Irvin D. Foley, Asst. Director of Law, Louisville, Ky., for defendants-appellees.
 Before EDWARDS, Chief Circuit Judge, and LIVELY and ENGLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harry Melvin Kendrick was charged with and convicted of robbery. Kendrick was also charged with threatening the life of a witness, but this charge was dismissed at trial. After being confined in the Eddyville, Kentucky state prison on the robbery conviction, Kendrick brought a suit under 42 U.S.C. § 1983 against certain police officers, claiming they conspired to arrest him unlawfully in connection with the charge of threatening a witness, and thereby deprived him of his constitutional and civil rights.
 
 
 2
 The police officers obtained Kendrick's deposition while he was in prison and used this testimony in a motion for summary judgment in the impending civil rights litigation. In opposition to this motion, Kendrick argued that the police officers did not obtain leave of the court to take his deposition, as required by Fed.R.Civ.Pro. 30(a). Thus, Kendrick argued, the deposition should be excluded when considering the motion for summary judgment. The district court received the deposition testimony, and on the basis of information therein, granted summary judgment in favor of the defendant police officers.
 
 
 3
 Kendrick appeals the summary judgment, relying upon Fed.R.Civ.Pro. 30(a) and arguing that the failure to obtain leave of the court to depose him precluded the use of his deposition in the motion for summary judgment. Therefore, he requests this court to vacate the order of summary judgment and remand the case to the district court for a jury trial.
 
 
 4
 Rule 30(a) of the Federal Rules of Civil Procedure provides in part:
 
 
 5
 The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
 
 
 6
 This rule appears to date back at least as far as 1938 and there is a singular lack of any history explaining its origin. In considering Kendrick's arguments and refusing to suppress the deposition, Chief District Judge Charles M. Allen was of the opinion that the purpose of this sentence in Rule 30(a) was to prevent unnecessary disruption of the administration of the penal institution itself. The only case found by Judge Allen pertaining to this particular provision was Underwood v. Maloney, 15 F.R.D. 104 (N.D.N.Y.1954). He believed Underwood supported his interpretation of Rule 30(a), although he acknowledged the case involved a different legal issue. In refusing to suppress the deposition, Chief Judge Allen noted that prison authorities had no objection to deposing Kendrick. Further, he noted that Kendrick did not raise any objection to the taking of the deposition until he made his response to the defendants' motion for summary judgment. Judge Allen also took notice of the admonition of Rules 32(d)(1) and (d)(3)(B) that errors and irregularities in either notice or the manner of taking a deposition are waived unless objection is made promptly. Therefore, Chief Judge Allen concluded:
 
 
 7
 We strongly disapprove of circumvention of the rules, whether intentional or inadvertent. We would not hesitate to vacate notice of a deposition scheduled without leave of court, upon application by a prisoner deponent. We express no opinion about the effect of objection raised at such deposition. However, under the circumstances of the present case, we find striking the deposition to be an inappropriate sanction. Doing so would necessitate disruption of the prison yet another time for retaking, in derogation of our perception of the purpose of the rules. In view of this, and plaintiff's failure to make prompt objection, we decline to strike the deposition from the record.
 
 
 8
 In the absence of any history on this aspect of Rule 30(a), we are left to common sense when interpreting its purpose and application. So considered, Chief Judge Allen's interpretation appears manifestly sensible. The rule pertains not only to litigants but to any witness in a litigation. Moreover, Rule 30(a) also speaks specifically to the taking of a defendant's deposition, which may only be taken within 30 days after filing suit by leave of court. This provision obviously was designed to give a measure of protection to one who has recently been sued and may be caught by surprise without the benefit of counsel or opportunity to reflect upon his position as a defendant.
 
 
 9
 One might contend that the last sentence of Rule 30(a) may similarly have been intended to protect the prisoner from any possible disadvantage in the deposition process arising from his prison confinement. However, such protection is not imperative where the prisoner himself is the plaintiff in a civil rights litigation, and therefore is the very party who initiates the action of his own choice. The likelihood that the plaintiff will be unfairly surprised by a request for his deposition in this instance is minimal. Without holding that there will never be circumstances in which the trial judge should suppress a deposition because of some inherent unfairness in its procurement, we do not believe Rule 30(a), when read in conjunction with Rule 32, creates a per se rule of suppression when a technical violation of Rule 30(a) occurs.
 
 
 10
 With this in mind, we believe the circumstances of this case do not require suppression. The plaintiff himself started the lawsuit and the defendants surely had the right to depose him in conjunction therewith. Absent any showing of any real injury because of the failure to obtain leave, we do not believe the trial judge abused his discretion in failing to suppress.
 
 
 11
 Going then to the merits of the appeal, we conclude that summary judgment was properly granted. As pointed out by the trial judge, although the litigation had been pending for some time, Kendrick was altogether unable to show any basis for his claim that the defendants deprived him of any substantial right guaranteed by the United States Constitution. Although it is true that defendant Schnorbus was the party who testified at the criminal trial to having received the threatening telephone call, there was no showing, or even claim, that he acted either in bad faith in reporting the same to the police or ever made any false or malicious statement concerning the plaintiff. Likewise, there was absolutely no showing that any of the other defendants did anything whatever other than to have their names endorsed as witnesses on the complaint which had been filed. Nor did Kendrick present any other evidence that would have connected the defendants with the cause of action he had sought to plead.
 
 
 12
 Affirmed.