**David R. MILLER, Plaintiff,**

v.

**William M. BLUFF, et al., Defendants.**

No. 3:CV–89–1710.

United States District Court,
M.D. Pennsylvania.

Aug. 10, 1990.

**699**

David R. Miller, pro se.

Warren Schloesser, Honesdale, Pa., for defendants William M. Bluff, Charles Morielli, and Edward Brady.

Kevin J. O'Hara, Richard G. Fine, Fine & Wyatt, P.C., Honesdale, Pa., for defendant Dr. Albert Stofko.

## MEMORANDUM

JOSEPH F. CIMINI, United States Magistrate.

On April 24, 1990, the undersigned United States Magistrate handed down an Order in this case which, *inter alia*, directed the parties to complete all discovery proceedings and to submit any dispositive motions in a timely fashion.[1] On July 26, 1990, counsel for one of the defendants, Doctor Albert Stofko, filed a notice of taking the plaintiff's deposition on August 30, 1990. Said notice indicates that the place of the deposition will be the Rockview State Correctional Institution at Bellefonte, Pennsylvania.[2] The plaintiff is a state prison inmate and has been incarcerated there. On July 30, 1990, counsel for Defendants Bluff, Morelli and Brady filed and briefed a motion for an order compelling discovery. *Cf.:* Rule 37, Federal Rules of Civil Procedure.[3]

The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. Rule 30(a), Federal Rules of Civil Procedure. There is nothing in the instant record which indicates that Defendant Stofko has ever sought leave of court as required by Rule 30(a). Neither the fact of David R. Miller being the party plaintiff in the case, nor the fact of this defendant's representation that "[s]aid deposition is being taken to aid in preparation for trial of this case", obviates the procedural obligation to ask for leave per Rule 30(a). This is a recognized exception to the otherwise "general notion" that leave of court is not

---

1. Docket item number 25.

2. Docket item number 27.

3. Docket items numbered 28 and 29.

required in order to take a party's deposition. *Cf.:* Wright & Miller, *Federal Practice and Procedure: Civil,* section 2104, at page 382.

■ The date scheduled for taking the plaintiff's deposition in the case at bar (August 30, 1990) has not arrived. But, even if such planned discovery proceedings were to have been accomplished without the leave of court prescribed by Rule 30(a), the defendant's procedural omission would not necessarily be fatal. Rule 30(a) does not create a *per se* rule of suppression when there occurs a technical violation of its provision to obtain leave of court before taking the deposition of a person confined in prison. *Kendrick v. Schnorbus,* 655 F.2d 727, 729 (6th Circuit 1981). Thus, the scheduled deposition of David R. Miller very well could proceed in this case without any difficulty regarding Defendant Stofko's noncompliance with Rule 30(a). If, however, Plaintiff Miller were to make an issue of the defendant's Rule 30(a) violation, so as to either refuse to appear or decline to answer questions, this Court would be hard pressed to grant a resultant defense motion to compel. *Cf.: Application of Wisconsin Alumni Research Foundation,* 4 F.R.D. 263, 265 (D.N.J. 1945).

■ Ordering a halt to the scheduled deposition, until such time as the defendant moves for leave under Rule 30(a), only would delay the progress of the instant litigation and would waste the time and resources of this Court and the parties. The Magistrate instead shall grant Defendant Stofko leave of court to take the deposition of Plaintiff Miller, without waiting for a formal motion under Rule 30(a). The plaintiff himself started this lawsuit and any defendant surely is entitled to take his deposition in conjunction therewith. *Cf.: Kendrick v. Schnorbus, supra.* Absent any showing of some real injury because of the failure of Defendant Stofko to obtain leave himself, there should be no abuse of discretion in the Magistrate's granting same *sua sponte.*

■ At the same time the defendant is granted leave of court to take the deposition of the incarcerated plaintiff, he shall be directed to make all necessary arrangements with state prison officials and bear any expenses incidental thereto. Moreover, all parties shall be reminded of the provision in Rule 30(a) of the Federal Rules of Civil Procedure, that the deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.

■ With regard to the motion of Defendants Bluff, Morelli and Brady for an order compelling discovery, the Magistrate is aware that Plaintiff Miller at this point still has time remaining to respond. Defendants filed and briefed their Rule 37 motion on July 30, 1990, with copies purportedly mailed to the plaintiff at Rockview. Rule 401.6 of the Rules of this Court requires any party opposing a motion filed prior to trial to respond thereto "within fifteen (15) days after service of the movant's brief." A failure to comply with Local Rule 401.6 renders the respondent party liable to be deemed not to oppose the motion. Acknowledging the inmate's *pro se* status, though, the Magistrate will give David R. Miller the benefit of any doubt as to whether he is aware of his briefing obligation under Local Rule 401.6. Accordingly, Plaintiff Miller shall be directed to respond to the motion for an order compelling discovery, if he desires to oppose it; and, Plaintiff shall be given sufficient time to do so.

An appropriate Order follows.

## ORDER

AND NOW, this 10th day of August, 1990, in accordance with the accompanying Memorandum, IT IS ORDERED THAT:

1. The defendant, Albert Stofko, D.D.S., be and hereby is granted leave to take the deposition of David R. Miller, a person confined in prison.

2. Said defendant be and hereby is directed to make all necessary arrangements with state prison officials and bear any expenses incidental to such discovery pro-

ceedings scheduled for 1:00 p.m. on August 30, 1990, at the Rockview State Correctional Institution, Bellefonte, Pennsylvania.

3. All parties be and hereby are reminded of the provision in Rule 30(a) of the Federal Rules of Civil Procedure, that the deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.

4. The plaintiff be and hereby is directed to file a brief or legal memorandum in response to the July 30, 1990 motion of Defendants Bluff, Morelli and Brady for an order compelling discovery, if he desires to oppose it.

5. The plaintiff be and hereby is afforded fifteen (15) days within which to so respond in opposition to said July 30, 1990 motion, filed pursuant to Rule 37 of the Federal Rules of Civil Procedure.

6. The plaintiff be and hereby is warned that his failure to respond in a timely manner will render him liable to be deemed not to oppose the Rule 37 motion for an order compelling discovery.