Shirley WILLIAMS, on behalf of Kelvin Devon WILLIAMS, Plaintiff,

v.

Brian Keith GREENLEE, et al., Defendants.

No. 3–02–CV–1162–G.

United States District Court, N.D. Texas, Dallas Division.

Oct. 25, 2002.

Rob Campos, Mathur Law Offices, PC, Dallas, TX, for Plaintiff.

Marc H. Richman, Law Offices of Marc H. Richman, Dallas, TX, for Defendant.

## MEMORANDUM ORDER

KAPLAN, United States Magistrate Judge.

Defendants Dallas County, Texas ("Dallas County") and Lone Star Juvenile Detention Center ("LSJDC") have filed a motion for leave to take the oral deposition of Kelvin Devon Williams, a minor who is presently incarcerated in a Texas Youth Commission facility in Mart, Texas. By way of cross-motion, plaintiff's mother seeks to postpone this deposition until her son is released from confinement. For the reasons stated herein, defendants' motion is denied and plaintiff's motion is granted.

### I.

This is a federal civil rights action brought under 42 U.S.C. § 1983 with state claims for assault, negligence, intentional infliction of emotional distress, and violations of the Texas Tort Claims Act.[1] Plaintiff Shirley Williams alleges that her son, Kelvin, was sexually assaulted in May 2001 by Brian Keith Greenlee, a former juvenile detention officer at the LSJDC. The case is set for trial on a four-week docket beginning October 6, 2003. *See* SCH. ORDER, 8/22/02 at 2, ¶ 2. The discovery deadline is July 31, 2003 and all dispositive motions must be filed by May 23, 2003. *Id.* at 2 & 4, ¶¶ 3(a) & 6.

In order to prepare their defense, defendants want to depose Kelvin, who is presently confined in a Texas Youth Commission facility. Williams objects to conducting this deposition "in a controlled and oppressive environment." (Plf. Mot. at 4, ¶ 7). Instead, she wants to postpone the deposition until Kelvin is released from custody on January 16, 2003. The parties have briefed their respective positions and were given an opportunity to present additional evidence and argument at a hearing held on October 25, 2002. Both motions are now ripe for determination.

### II.

The deposition of a person confined in prison may be taken only with leave of court on such terms as the court prescribes. FED. R. CIV. P. 30(a)(2);[2] *Miller v. Bluff,* 131 F.R.D. 698, 699 (M.D.Pa.1990). The court

---

1. Plaintiff originally filed suit in state district court. Defendants timely removed the case to federal court pursuant to 28 U.S.C. §§ 1331 & 1441.

2. The court determines that a Texas Youth Commission facility constitutes a "prison" as that term is used in Rule 30(b)(2).

should grant leave to depose an incarcerated witness unless the objecting party shows that: (1) the deposition would be unreasonably cumulative or duplicative; (2) the party seeking the deposition has had ample opportunity to obtain the information sought; or (3) the burden or expense of the deposition outweighs its likely benefit. *See* FED. R. CIV. P. 26(b)(2); *Christy v. Pennsylvania Turnpike Comm'n,* 160 F.R.D. 51, 53 (E.D.Pa. 1995).

█ Similarly, a party seeking a protective order to prevent or postpone a deposition must show good cause and the specific need for protection. *See Landry v. Air Line Pilots Ass'n,* 901 F.2d 404, 435 (5th Cir.), *cert. denied,* 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990); *Bucher v. Richardson Hospital Authority,* 160 F.R.D. 88, 92 (N.D.Tex.1994). "Good cause" exists when justice requires the protection of "a party or person from any annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c); *Landry,* 901 F.2d at 435. The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens. *Bucher,* 160 F.R.D. at 92.

### III.

█ Defendants clearly are entitled to depose Kelvin Williams, the victim of the alleged sexual assault and a plaintiff in this lawsuit. *Miller,* 131 F.R.D. at 700. Although the discovery deadline is more than nine months away, defendants insist on this deposition now because Kelvin is one of only two eyewitnesses to the alleged incident and they need his testimony in order to prepare their defense. In response, Williams argues that allowing her son to be questioned about the sexual assault at the LSJDC "while trapped in a similar environment presents itself as being oppressive and tormenting." (Plf. Mot. at 2, ¶ 3). Williams suggests that postponing the deposition for three months "would allow [counsel] more opportunity to review facts with their client in a more hospitable setting, where this child is more likely to reveal additional information." (*Id.* at 3, ¶ 5).

The court is persuaded that, given the ample time remaining for the parties to complete discovery, good cause exists for a short postponement of Kelvin's deposition. It cannot be doubted that forcing a juvenile to recount the details of an alleged sexual assault can be traumatic and embarrassing even under the best of circumstances. Questioning a 16-year old juvenile about such facts in the same environment where the incident occurred can only exacerbate the potential harm to the deponent. The court sees no reason why defendants cannot wait to depose Kelvin until he is released from custody in January 2003. This still leaves eight months to prepare for trial, six months to complete discovery, and four months to file dispositive motions. Under the unique circumstances presented in this case, the competing interests of allowing this deposition to proceed while Kelvin is in custody and protecting him from further psychological harm weigh in favor of postponing the deposition.

Accordingly, defendants' motion for leave to take the oral deposition of Kelvin Devon Williams is denied and plaintiff's motion for protective order is granted. Defendants may not depose Kelvin until February 7, 2003 or he is released from custody, whichever is sooner.

SO ORDERED.