932 So.2d 221 (2005)
ROYAL MARBLE, INC., Petitioner,
v.
INNOVATIVE FLOORING & STONECRAFTERS OF SWF, INC., Respondent.
No. 2D05-877.
District Court of Appeal of Florida, Second District.
June 15, 2005.
Rehearing Denied October 6, 2005.
*222 Raymond L. Bass, Jr. of Bass & Chernoff, Naples, for Petitioner.
Fitzgerald A. Frater and Benjamin C. Iseman of Treiser, Collins & Vernon, Naples, for Respondent.
DAVIS, Judge.
Royal Marble petitions for writ of certiorari, seeking review of the trial court order denying its motion to increase the cash deposit to which a construction lien against Innovative Flooring & Stonecrafters of SWF, Inc., has been attached. Because Royal Marble has failed to allege irreparable harm, we dismiss the petition.
Royal Marble moved to increase the security pursuant to section 713.24(3), Florida Statutes (2003). Specifically, Royal Marble sought additional security for both attorney's fees already incurred and prospective attorney's fees. The trial court entered an order denying Royal Marble's motion without prejudice, finding (1) that Royal Marble had failed to present sufficient evidence to establish that its claimed attorney's fees were reasonable, (2) that Royal Marble had failed to present evidence that "the amount of the cash deposit in excess of the amount claimed in the claim of lien is insufficient to pay its attorney's fees and costs incurred in the action to enforce the lien," and (3) that section 713.24(3) does not authorize additional security to cover prospective attorney's fees.
Common law writ of certiorari "provides a remedy only if the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm." Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004).
Royal Marble failed to meet that burden here because the harm alleged is not irreparable. The trial court's order denied Royal Marble's motion without prejudice, and Royal Marble is free to file a new motion to increase the bond and to present the necessary evidence as to the amount and reasonableness of attorney's fees it has incurred thus far. Additionally, although the trial court's order prevents Royal Marble from seeking prospective attorney's fees, the company may continue to file motions seeking to increase the bond as it incurs fees that exceed the amount of *223 the security bond that is set aside for fees and court costs.
Because the trial court's order could not result in irreparable harm, we need not address whether the trial court departed from the essential requirements of law. We dismiss the petition for lack of jurisdiction.
Dismissed.
STRINGER and CANADY, JJ., Concur.