KELLY, Judge.
Cotton States Mutual Insurance Company seeks certiorari review of the trial court’s order compelling it to produce internal procedural memoranda, policies, procedures, claim manuals, guidelines, and standards relating to its handling and adjustment of personal injury protection (PIP) claims for magnetic resonance imaging (MRI) services provided by AFO Imaging, Inc. Because Cotton States has not demonstrated that the trial court’s order creates material harm that is irreparable by a postjudgment appeal, we dismiss the petition.
AFO, a provider of MRI services, is the named plaintiff in a putative class action filed against Cotton States. AFO’s action seeks, among other things, declaratory relief regarding the proper methodology for determining the allowable amount for MRI services under the fee schedule authorized by the PIP statute, section 627.736(5)(a)(2)(f)(3) and (4), Florida Statutes (2008). Specifically, AFO seeks a determination of whether those subsections authorize Cotton States to rely on the “Outpatient Prospective Payment System” (OPPS) cap, which is used by Medicare to restrict or limit payments to certain types of health care providers for particular procedures.
After filing suit, AFO propounded discovery requests to Cotton States, including a request that it produce internal procedural memoranda, policies, procedures, claim manuals, guidelines, and standards relating to its handling and adjustment of PIP claims for MRI services. Cotton States objected to the request to produce on the grounds that the requested documents were protected by the work-product privilege and that they were irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. After AFO moved to compel production, the trial court ordered Cotton States to respond to the request to produce. Although the trial court’s order rejected Cotton States’ contention that the requested discovery was irrelevant, it permitted Cotton States to assert any other appropriate objections to AFO’s request and to redact any information it maintained was confidential, provided it was noted in a privilege log.
In its certiorari petition, Cotton States contends we should quash the discovery order because the documents it directs Cotton States to produce are irrelevant and are protected as work product. In reviewing a petition for certiorari, this court must first determine whether the order creates irreparable harm that cannot be cured on final appeal. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995). If the petitioner fails to make a prima facie showing of irreparable harm, the petition will be dismissed for lack of jurisdiction. Id. We conclude that Cotton States has not met its burden to demonstrate how it is harmed by the discovery order.
Cotton States argues that the materials sought by AFO are irrelevant because it has stipulated that it calculates the allowable amount for MRI services using OPPS, and thus its methodology is not in dispute. Even if Cotton States is correct that the documents requested are irrelevant, the discovery of irrelevant materials does not necessarily cause irreparable harm. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Accordingly, this court generally will not grant certiora-ri where the objection is simply that the requested production is irrelevant.
*142 On the other hand, where an order requires production of privileged materials such as work product, certiorari review may be appropriate because the production of privileged material is likely to cause the type of irreparable harm required for certiorari review. Id. Here, the trial court’s order compelling discovery specifically allowed Cotton States to assert any “reasonable, non-frivolous objections” to AFO’s requests, and it provided that Cotton States could withhold any materials it considered privileged provided it filed an appropriate privilege log. Further, the record suggests that the information sought by AFO may not even exist and thus will never be produced. At the hearing on AFO’s motion to compel, the following transpired:
THE COURT: What [AFO] wants to know is, why did you pay everybody this much, and do you pay everybody this much, and how do you decide to pay them?
[[Image here]]
[COUNSEL FOR COTTON STATES]: The internal manuals, won’t be a problem WITH. Absolutely he can ask why do you think you’re right in paying this amount. I don’t have a problem with that. It’s because they think that’s how the statute is interpreted, that that’s the answer that he’s going to get ...
THE COURT: Sure. But you should also provide any source that’s related to that direct issue.
[COUNSEL FOR AFO]: ... I assume they’ve got a written policy/procedure manual, something that these adjusters use. That’s what I’m looking for, not their generic internal, where we hide things.
[COUNSEL FOR COTTON STATES]: Well, I do have a disagreement with that. Honestly, I don’t know if they’ve got a manual like that. I don’t. I’m not aware that they do.
Following the hearing, AFO’s counsel in a letter to Cotton States’ counsel clarified the type of information it was seeking and acknowledged that the information may not exist:
Simply put, we are only looking for documentation that explains how [Cotton States] is paying MRI claims and its use of OPPS. We suspect that [Cotton States] does not even have any specific claims manual or written procedure, but instead merely relies on OPPS through some type of computerized payment process to formulate the calculation and payment of MRI claims.
Accordingly, we conclude that Cotton States has failed to make a prima facie showing of irreparable harm, and therefore dismiss the petition for certiorari for lack of jurisdiction.
Petition dismissed.
WHATLEY and VILLANTI, JJ., Concur.