# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-404
Lower Tribunal No. 15-26943
_____

**Maria Robles,**
Appellant,

vs.

**Baptist Health South Florida, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Saenz & Anderson, PLLC and R. Martin Saenz, for appellant.

Isicoff, Ragatz & Koenigsberg and Eric D. Isicoff, Teresa Ragatz, and Christopher M. Yannuzzi, for appellee.

Before ROTHENBERG, LAGOA, and SALTER, JJ.

LAGOA, J.

Appellant, Maria Robles ("Robles"), seeks review of an order granting a motion to dismiss two counts of her three-count complaint. Appellee, Baptist Health South Florida, Inc. ("Baptist"), moves to dismiss this appeal for lack of jurisdiction pursuant to Florida Rule of Appellate Procedure 9.300. Because both the dismissed claims and the remaining claim against Baptist involve the same parties and arise out of the same transaction, we conclude that Robles's dismissed claims are interrelated with the additional claim that remains pending. Accordingly, we grant Baptist's motion to dismiss. We decline to treat Robles's notice of appeal as a petition for writ of certiorari, as Robles has the opportunity to obtain adequate relief on plenary appeal.

I.   FACTUAL & PROCEDURAL HISTORY

In her three-count complaint, Robles asserts that Baptist employed her from September 2007 through October 2014 as a food service worker, and that on May 1, 2014, she slipped and fell while working. Baptist did not report the incident to its worker's compensation carrier until September 2, 2014. On September 23, 2014, Baptist accused Robles of incorrectly charging a customer and subsequently terminated her employment on October 7, 2014. Robles alleges that "[t]his action arises out of [her] employment relationship with [Baptist]," and that she seeks redress for the termination of her employment.

2

Baptist filed a motion to dismiss Count I, a claim of age discrimination under the Florida Civil Rights Act ("FCRA"), and Count II, a claim of disability discrimination under the FCRA. Baptist did not make any argument with respect to Count III, a claim of wrongful termination under section 440.205, Florida Statutes (2014), otherwise known as Florida's Workers' Compensation law. On January 21, 2016, the trial court granted Baptist's motion to dismiss Counts I and II for lack of jurisdiction. This appeal ensued.

II.   ANALYSIS

Baptist argues that Robles's appeal should be dismissed as premature. The test for dismissal "is whether the counts arise from a set of common facts or a single transaction, not whether different legal theories or additional facts are involved in the separate counts." Altair Maint. Servs., Inc. v. GBS Excavating, Inc., 655 So. 2d 1281, 1282 (Fla. 4th DCA 1995). Thus, "[i]f the claims arise out of the same incident, the order dismissing some, but not all, of the counts will not constitute a final appeal, even if the counts involve separate and severable legal theories." Biasetti v. Palm Beach Blood Bank, Inc., 654 So. 2d 237, 238 (Fla. 4th DCA 1995).

Dismissed Counts I and II and the remaining Count III involve the same parties, Baptist and Robles, and we find that all three counts arise out of the same transaction—the termination of Robles's previous employment relationship with

3

Baptist. Although Counts I and II are based on different legal theories and forms of relief than Count III, each is based on the same factual background and seek the same end result. Because the claims are interrelated and Count III remains pending dismissal of the appeal is proper as the order is not a final, appealable order. See Kidwell v. Gen. Motors Corp., 975 So. 2d 503, 504 (Fla. 2d DCA 2007) (dismissing appeal of "a nonfinal, nonappealable order because the dismissed claims are interrelated with additional claims that remain pending"); Mass. Life Ins. Co. v. Crapo, 918 So. 2d 393, 394 (Fla. 1st DCA 2006) (dismissing appeal as premature where "remaining claims overlap and are interrelated with the claim disposed of by the order on appeal"); Gassner v. Caduceus Self Ins. Fund, Inc., 532 So. 2d 1133, 1133 (Fla. 4th DCA 1988) (dismissing appeal where certain counts were dismissed on exhaustion of administrative remedies grounds while other "legally interrelated" counts involving "the same transaction and parties" remained pending).

Finally, we decline Robles's request to treat the notice of appeal as a petition for certiorari. In order for certiorari to lie, a non-final order for which no appeal is provided by Rule 9.130 "must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal." Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1099 (Fla. 1987). The last element,

4

often referred to as "irreparable harm," is jurisdictional, and must be analyzed before this Court can consider the first element. Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011). If a petition fails to make a threshold showing of irreparable harm, a petitioner is not entitled to certiorari review. Nucci v. Target Corp., 162 So. 3d 146, 151 (Fla. 4th DCA 2015) (citing Bared & Co., Inc. v. McGuire, 670 So. 2d 153, 157 (Fla. 4th DCA 1996)).

The only argument Robles makes as to the existence of irreparable harm is that if the trial court's ruling "is not rectified, it will result in other parties relying on that Order (for perhaps years) as authority to dismiss otherwise good complaints" and that this is "a waste of judicial resources." This is not an assertion sufficient to prove that no appeal or direct method of reviewing the proceeding exists. Once a final judgment is entered, Robles is at liberty to appeal the trial court's grant of Baptist's motion to dismiss Counts I and II. As such, Robles cannot show that the trial court's order resulted in a material injury for the remainder of the case that cannot be corrected on post-judgment appeal.

DISMISSED.