**AGENCY FOR HEALTH CARE ADMINISTRATION,**
Petitioner,

v.

**SOUTH BROWARD HOSPITAL DISTRICT, d/b/a Memorial Hospital Pembroke, and South Broward Hospital District, d/b/a Memorial Hospital–West, Respondents.**

CASE NO. 1D16–1648

District Court of Appeal of Florida,
First District.

Opinion filed December 16, 2016

Tracy Lee Cooper George, Chief Appellate Counsel, and James Ross, Agency for Health Care Administration, Tallahassee, for Petitioner.

Joanne Erde and Donna Holshouser Stinson of Duane Morris LLP, Miami, for Respondents.

JAY, J.

The Agency for Health Care Administration ("AHCA") petitions this Court to review a non-final order of the administrative law judge ("ALJ") granting Respondents' motions to unseal files relevant to two Medicaid provider overpayment complaints filed against them by AHCA and rejecting AHCA's argument that the files should remain sealed under section 409.913(12), Florida Statutes (2015).[1] While we possess the authority to review the non-final action of an ALJ when review of the final agency action would not provide an adequate remedy,[2] in this case we do not reach the merits of the petition because, as we explain below, AHCA has failed to establish that the ALJ's order causes material injury that cannot be remedied on appeal.

" 'The scope of review' for a petition seeking review of a non-final agency action under section 120.68(1) 'is analogous to, and no broader than the right of review by common law certiorari.' " State, Agency for Health Care Admin. v. Murciano, 163 So.3d 662, 664 (Fla. 1st DCA 2015) (quoting CNL Resort Hotel, L.P. v. City of Doral, 991 So.2d 417, 420 (Fla. 3d DCA 2008)) (some quotation marks omitted); see also Fla. Power & Light Co. v. Fla. Public Serv. Comm'n, 31 So.3d 860, 863 (Fla. 1st DCA 2010). It follows, then, that AHCA's burden is to "demonstrate that the order[] on review depart[s] from the essential requirements of the law and

1. Section 409.913(12) provides in pertinent part as follows: "The complaint and all information obtained pursuant to an investigation of a Medicaid provider ... relating to an allegation of fraud, abuse, or neglect are confidential and exempt from the provisions of s. 119.07(1) ...." Section 119.07(1), Florida Statutes, appears in Florida's Public Records Act. See §§ 119.01–.15, Fla. Stat.

2. See § 120.68(1), Fla. Stat.; Fla. R. App. P. 9.030(b)(1)(C), 9.100(c)(3) & 9.190(b)(2); State, Dep't of Fin. Servs. v. Fugett, 946 So.2d 80, 81 (Fla. 1st DCA 2006).

cause[s] material injury that cannot be remedied on appeal." Fla. Power & Light, 31 So.3d at 863; accord Murciano, 163 So.3d at 664–65. In evaluating whether AHCA has met its burden, our "first duty is to assess whether [it] has made a prima facie showing that the order creates irreparable harm." Morgan, Colling & Gilbert, P.A. v. Pope, 798 So.2d 1, 3 (Fla. 2d DCA 2001). This means that AHCA "bear[s] the burden of demonstrating that review of the final agency decision would not provide an adequate remedy." Verizon Bus. Network Servs., Inc., ex rel. MCI Commc'ns, Inc. v. Fla. Dep't of Corr., 960 So.2d 916, 917 (Fla. 1st DCA 2007). If AHCA fails to make this prima facie showing of irreparable harm, its petition must be dismissed "for lack of jurisdiction." Cotton States Mut. Ins. Co. v. AFO Imaging, Inc., 46 So.3d 140, 141 (Fla. 2d DCA 2010); see also Cruz v. Cooperativa de Seguros Multiples de Puerto Rico, Inc., 76 So.3d 394, 397 (Fla. 2d DCA 2011) (holding "[a]s a jurisdictional prerequisite to reviewing the merits of the certiorari petition, we must determine whether [the petitioners] have demonstrated irreparable harm").

 From a practical standpoint, this standard requires the petition to *clearly* reflect how the potential "harm is incurable" by a final appeal. Bared & Co., Inc. v. McGuire, 670 So.2d 153, 157 (Fla. 4th DCA 1996). Without this critical component, we lack "the power to exercise discretion" either to grant or withhold review of the non-final order. Id.

 Here, AHCA has failed to allege how the order caused it material injury that cannot be remedied on a final appeal. Because there is no prima facie showing of irreparable harm, AHCA is not entitled to our evaluation of the non-final agency order. See Robles v. Baptist Health S. Fla., Inc., 197 So.3d 1196, 1199 (Fla. 3d DCA 2016); Nucci v. Target Corp., 162 So.3d 146, 151 (Fla. 4th DCA 2015) ("If a petition fails to make a threshold showing of irreparable harm, this Court will dismiss the petition.") (citation omitted); Royal Marble, Inc. v. Innovative Flooring & Stonecrafters of SWF, Inc., 932 So.2d 221, 222 (Fla. 2d DCA 2005) ("Because Royal Marble has failed to allege irreparable harm, we dismiss the petition.").

Therefore, the petition for review of non-final agency action is DISMISSED.

LEWIS, J., CONCURS;
WETHERELL, J., CONCURS WITH OPINION.

WETHERELL, J., concurring.

I agree that AHCA has not alleged or established "irreparable harm." But, even if it had done so, I would deny the petition for review because the challenged order does not depart from the essential requirements of law.

The underlying cases at the Division of Administrative Hearings (DOAH) are run-of-the-mill Medicaid program integrity (MPI) overpayment cases—not abuse cases as AHCA contends [3]—and the public

---

3. On this point, the ALJ cogently explained:

AHCA contends that it alleged in the final audit reports [FARs] that Respondents had engaged in "Medicaid billing 'abuse' as defined in" section 409.913(1)(a), which states in relevant part, that:

"Abuse" means:

1. Provider practices that are inconsistent with generally accepted business or medical practices <u>and</u> that result in an unnecessary cost to the Medicaid program or in

reimbursement for goods or services that are not medically necessary or that fail to meet professionally recognized standards for health care.

(Emphasis added). AHCA does not argue that it has accused either Respondent of committing fraud or acts involving neglect. The undersigned has studied the respective [FARs] and can find no factual allegations against either Respondent which, if proved, would support a determination that one Respondent or the other engaged in "[p]ro-

records exemption in section 409.913(12) plainly does not extend to overpayment cases. Compare § 409.913(12), Fla. Stat. (limiting the scope of the public records exemption to cases involving allegations of "fraud, abuse, or neglect") with § 409.913(2), Fla. Stat. (authorizing the agency to audit Medicaid providers to determine "possible fraud, abuse, overpayment, or recipient neglect") (emphasis added). Moreover, even if these were abuse cases as AHCA contends, section 409.913(12) would not justify sealing the entire DOAH case file in these cases.[4]

DOAH's case files are, without question, public records because DOAH is a state agency and the case files are comprised of documents prepared by DOAH (e.g., notices and orders issued by the ALJ) and received by DOAH (e.g., agency referrals, motions and other papers filed by the parties, exhibits and other evidence presented at the final hearing) in the course of official proceedings under Chapter 120, Florida Statutes, or another law. See § 119.011(12), Fla. Stat. (defining "public records" to include documents and other material "made or received pursuant to law . . . in connection with the transaction of official business by any agency"). Accordingly, DOAH's case files must be open to the public for inspection and copying, unless there is a specific statute exempting the file from public disclosure. See §§ 119.01(1), 119.07(1), Fla. Stat.; Wait v. Fla. Power & Light Co., 372 So.2d 420, 425 (Fla. 1979) (explaining that the Public Records Law exempts from public disclosure "only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law").

It is the prerogative of the Legislature, not DOAH or the referring agency, to determine which, if any, DOAH case files are entirely exempt from public disclosure. The Legislature has exempted the entire case file from public disclosure in certain types of DOAH cases, see, e.g., § 1003.57(1)(c), Fla. Stat. (requiring hearings in special education cases to be conducted by DOAH ALJs and providing that "[a]ny records created as a result of such hearings are confidential and exempt from s. 119.07(1)"), but there is no such blanket public records exemption for MPI case files at DOAH.

---

vider practices that are inconsistent with generally accepted business or medical practices." Rather, the gravamen of AHCA's case against each Respondent is the allegation that the provider received an overpayment when it was reimbursed for [certain] services . . . . AHCA has not alleged any facts pertaining to the generally accepted business or medical practices, if any, with which it believes the providers acted inconsistently.

\* \* \*

Absent allegation of fact which would establish that provider practices inconsistent with generally accepted business or medical practices had been engaged in, there can be no disputed issues of fact involving "abuse" as that term is defined in section 409.913(1)(a). Without legally sufficient allegations of such abuse, there is no basis to seal the file of DOAH pursuant to section

409.913(12)—at least not where, as here, there are admittedly no allegations of fraud or neglect.

4. Counsel for AHCA asserted at oral argument that AHCA only asked DOAH to seal the FARs, but that argument was not made below (or in AHCA's filings in this court) and it is refuted by the letters through which AHCA referred these cases to DOAH. Each of the letters asserted that the FAR "related to [Medicaid] program abuse" (even though it did not) and cited section 409.913(12) for the proposition that "the FAR, and all information obtained pursuant to the complaint or the investigation resulting in the FAR" are confidential and exempt from the Public Records Law. However, each letter also went on to state: "Thus, [AHCA] requests that DOAH seal this case." (Emphasis added).

Where, as here, there is no statute exempting the entire DOAH case file from the Public Records Law, every document in the case file is subject to public disclosure unless a specific exemption applies to the document. This does not mean that every document in the case file must be available on the online docket on DOAH's website,[5] but if the document is not available online, DOAH must ensure that the public has reasonable access to the document unless the document is subject to a public records exemption. See § 119.01(2)(a), Fla. Stat. ("Automation of public records must not erode the right of access to those records. As each agency increases its use of and dependence on electronic recordkeeping, each agency must provide reasonable public access to records electronically maintained and must ensure that exempt or confidential records are not disclosed except as otherwise permitted by law."). Moreover, if an exemption applies to only a portion of a document—or only certain information in the document—the non-exempt portion of the document is subject to public disclosure. See § 119.07(1)(d), Fla. Stat. ("A person who has custody of a public record who asserts that an exemption applies to a part of such record shall redact that portion of the record to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and copying.").

Section 409.913(12), by its clear and unambiguous language, exempts from public disclosure only (1) the complaint against a Medicaid provider relating to an allegation of fraud, abuse or neglect, and (2) all information obtained pursuant to AHCA's investigation of such a complaint.[6] In a case alleging fraud, abuse, or neglect, this exemption likely encompasses the FAR because that document represents the culmination of AHCA's investigation of the provider and likely contains—or at least refers to—information obtained pursuant to the investigation. However, the DOAH case file in an MPI case is comprised of more than the FAR and other documents containing information obtained pursuant to AHCA's investigation. Indeed, most of the documents in the case file—e.g., notices of hearing, routine motions, procedural orders—are not likely to contain or even refer to such information.

Although it may be more expedient to seal the entire DOAH case file in an MPI case, the Public Records Law does not allow the entire file to be shielded from the public simply because it might be cumbersome to seal or redact only the exempt portions of the file. Instead, the Public Records Law contemplates precisely what is mandated by the Initial Order entered

---

5. Final hearing transcripts, for example, typically cannot be viewed from the online docket on DOAH's website even though it is well-settled that the transcripts are public records that must be made available for public inspection—and copying, after payment of duplicating costs—upon request to the DOAH clerk (while the case is pending at DOAH) or the agency clerk (after the record has been transmitted to the agency). See Dep't of Health & Rehab. Servs. v. Southpointe Pharmacy, 636 So.2d 1377, 1382–83 (Fla. 1st DCA 1994).

6. The exemption expires when certain events occur, including when AHCA "takes final agency action with respect to the provider."

§ 409.913(12)(a), Fla. Stat. Although that has not yet occurred in these cases, it is noteworthy that the online docket on DOAH's website reflects that there are numerous closed MPI cases—including Case No. 14–5306MPI, which was purportedly unsealed by the ALJ in that case—that still contain a notation that the case "is not available online based on statute, rule, or court order" (emphasis added) even though it appears that a final order has been entered in the case. It is unknown whether these cases were sealed based on section 409.913(12) or some other statute, and it is also unknown whether these DOAH case files can be viewed "offline" upon request.

in this case (and nearly every other DOAH case): the party filing a document with DOAH that contains confidential information has the obligation to redact the confidential information from the document before it is filed. If, however, the entire document is exempt from public disclosure, or if the confidential information in the document is necessary for disposition of the case, the party filing the document can seek leave to file the document under seal with a citation to the applicable statute containing the public records exemption. This document-by-document approach is similar to the procedure used to protect confidential information in judicial records, see Fla. R. Jud. Admin. 2.420(d)(2), 2.425, 2.515(a)(4), and it strikes the necessary and appropriate balance between the public's right of access to DOAH's case files in MPI cases and the need to protect the confidentiality of the medical records that will necessarily become part of these case files.

With these additional observations, I concur in the majority opinion.