JAY, J.
In this dissolution of marriage action, the wife, Karen S. McMahan, filed a motion for leave to take the deposition of the husband, James F. McMahan, Jr., and requested that the court permit her to personally attend the husband’s deposition. At the time the motion was filed, the husband was incarcerated in the Baker County Jail. The wife’s motion was advanced pursuant to the last sentence of Florida Rule of Civil Procedure 1.310(a) and specifically alleged that jail officials had “indicated” that she would not be allowed to attend the deposition. While the trial court granted her motion for leave to take the husband’s deposition, the court denied the wife’s re *393 quest to personally attend. The court permitted the wife “to appear [at the deposition] by phone.”
The wife also moved to continue the final hearing on her petition for dissolution of marriage and to reset the applicable pre-trial deadlines. The trial court denied her motion for continuance. The wife filed the instant petition for writ of certiorari to review the rulings on her motion for leave to take the husband’s deposition and motion for continuance.
In determining whether we may properly invoke our certiorari jurisdiction,[1] the analysis employed in Board of Trustees of the Internal Improvement Trust Fund v. American Educational Enterprises, LLC, 99 So.3d 450 (Fla. 2012), controls. In that case, the Florida Supreme Court advised district courts of the “judicial policy” informing the jurisdictional analysis:
“[C]ommon law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.” Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla. 1987); see also Belair v. Drew, 770 So.2d 1164, 1166 (Fla. 2000); Jaye v. Royal Saxon, Inc., 720 So.2d 214, 214-15 (Fla. 1998).... “A non-final order for which no appeal is provided by [Florida] Rule [of Appellate Procedure]. 9.130 is reviewable by petition for certio-rari only in limited circumstances.” Martin-Johnson, Inc., 509 So.2d at 1099; see also Brooks v. Owens, 97 So.2d 693, 695 (Fla. 1957).... Limited certiorari review is based upon the rationale that “piecemeal review of nonfinal trial court orders will impede the orderly administration of justice and serve only to delay and harass.” Jaye, 720 So.2d at 215.
Id. at 454 (ellipses and emphasis in original) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla. 2004)). To be entitled to certiorari review, “[t]he petitioning party must demonstrate that the contested order constitutes ‘(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on postjudgment appeal.’.” |d. (bracketed comma provided in Bd. of Trs.) (quoting Reeves, 889 So.2d at 822 (quoting Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002))). “ ‘The last two elements are jurisdictional and must be analyzed before the court may even consider the first element.’ ” Id. (quoting Williams v. Oken, 62 So.3d 1129, 1132 (Fla. 2011)); see also Jaye, 720 So.2d at 215 (holding that finding the petitioning party has “suffered an irreparable harm that cannot be remedied on direct appeal” is a “condition precedent to invoking a district, court’s certiorari jurisdiction”); Agency for Health Care Admin. v. S. Broward Hosp. Dist., 206 So.3d 826, 828 (Fla. 1st DCA 2016) (same).
Addressing, first, the trial court’s order on the wife’s motion to appear at the husband’s deposition, there is support for the conclusion that a trial court’s decision to prohibit a party’s personal attendance at the taking of another party’s deposition can cause irreparable harm. See Ferrigno v. Yoder, 495 So.2d 886, 887 (Fla. 2d DCA 1986). Specifically, Ferrigno recognized that once a deposition has taken place outside of the presence of the aggrieved party, the opportunity to cure the purported error—i.e., the attendance at the other party’s deposition—“will have passed.” Id. Consistent with this reasoning, the wife’s petition adequately, alleges irreparable harm because once the husband’s deposition occurs outside of her presence, the *394 wife will have suffered an injury—her physical absence from the deposition—that could not be adequately corrected on .a post-judgment appeal. See also Byrd v. S. Prestressed Concrete, Inc., 928 So.2d 455, 460 (Fla. 1st DCA 2006) (“[W]e agree with the Fifth District’s conclusion in Lunceford v. Florida Central Railroad Co., 728 So.2d 1239, 1241 (Fla. 5th DCA 1999), that such an order will cause irreparable harm because it would be virtually impossible in an appeal following entry of a final order to demonstrate how the absence of the requested third party affected the outcome of the examination.”).
As to the remaining element of our certiorari analysis, the wife has thé burden of demonstrating that the trial court’s order constitutes a departure from the essential requirements of the law. S. Broward Hosp. Dist., 206 So.3d at 827-28. “A departure from the essential requirements of the law ... is something more than a simple legal error.” Fassy v. Crowley, 884 So.2d 359, 363-64 (Fla. 2d DCA 2004). “The inquiry is not as concerned ‘with the mere existence of legal error as much as with the seriousness of the error.’ ” Id. at 364 (quoting Combs v. State, 436 So.2d 93, 95 (Fla. 1983)). The “misapplication of the correct law or an erroneous interpretation of a law does not rise to the necessary level.” Id. (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 682-83 (Fla. 2000)). Instead, the standard requires “a violation of a clearly established principle of law resulting in a miscarriage of justice.” Id. (citing Combs, 436 So.2d at 96).
Here, the husband was incarcerated at the time the wife filed her motion to take the husband’s deposition. As a result, the wife’s motion was predicated on the last sentence ofirule 1.310(a), which states, in pertinent part, that “[t]he deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.”[2] (Emphasis added.) Reading the relevánt parts of the rule reasonably and in context, it is clear that the trial court is given discretion to permit the depositions of incarcerated deponents and, in doing so, to set appropriate conditions ' on how those depositions are conducted. Those conditions will necessarily be case specific and the trial court—who is in the best position to make the required fact-intensive decisions—is given discretion to' fashion sensible boundaries. See, e.g., Gooden v. Merline, 2008 WL. 939195, *1 (D.N.J. Apr. 4, 2008) (“[T]he deposition of a person confined in prison may be taken only by leave of court on such terms as the. Court prescribes. See Miller v. Bluff, 131 F.R.D. 698, 699 (E.D. Pa. 1990). This is a recognized exception to the otherwise general rule that leave of court is not required in order to take another party’s deposition. Fed. R. Civ. P. 30(a)(1). The purpose of Rule 30(a)(2)'is'to prevent unnecessary disruption to the prison administration and to‘ protect the prisoner from ‘any possible disadvantage in the deposition process.’ ” (quoting Kendrick v. Schnorbus, 655 F.2d 727, 729 (6th Cir. 1981))).
In evaluating the trial court’s exercise' Of discretion under rule 1.310(a), it is important to remember that the wife’s motion alleged that jail officials indicated she would not be allowed to attend the husband’s deposition.' By denying the wife’s motion to be physically present at the deposition—but by allowing her to attend teléphonically—-the trial court struck a reasonable balance between the rules at *395 the Baker County Jail and the wife’s request to be a participant at the husband’s deposition. In crafting this solution, the trial court afforded the wife the process that rule 1.310(a) imparts and in doing so, provided a resolution that was well within the court’s discretion. Therefore, the wife has failed to demonstrate that the trial court’s order constitutes a departure from the essential requirements of the law. See Williams, 62 So.3d at 1136 (“Dr. Oken was afforded the process guaranteed by statute because he received advance notice and an opportunity to examine Williams’ claim before the filing of the lawsuit. Thus, a deprivation of the process did not occur.”); Nestor v. Posner-Gerstenhaber, 857 So.2d 953, 955 (Fla. 3d DCA 2003) (“Because the trial court has broad discretion in discovery matters, . „. and there has been no clear departure from the essential requirements of law which results in a miscarriage of justice, we deny certiorari review.”); see also Fla. Highway Patrol v. Bejarano, 137 So,3d 619, 621 (Fla. 1st DCA 2014) (“But even if irreparable harm was demonstrated, the trial court’s order does not violate the essential requirements of law. ... [T]he order comports with the discretionary authority granted to trial courts to administer the discovery process by the rules of civil procedure.”).
We turn next to the wife’s second claim in her petition—that the trial court departed from the essential requirements of the law when it denied her motion to continue the final hearing and to reset the pre-trial deadlines because it did not follow the procedures set forth under Florida Rule of Civil Procedure 1.440. Shortly after the wife filed her petition for writ of certiorari, this Court’s motions panel issued an order staying further proceedings in the trial court pending final disposition of the current petition. The stay removed the wife’s dissolution action from the trial court’s January 19,2017, calendar, which is the essence of the relief sought in the second claim of the wife’s petition. . As a result, this part of the wife’s petition is moot. See Rupp v. HMC Assets, LLC, 213 So.3d 1126 (Fla. 1st DCA 2017) (Mem.).
Because the wife has failed to demonstrate that the trial court departed from the essential requirements of law as to her first claim, and because her second claim is moot, the wife’s petition for writ of certio-rari is DENIED.
WETHERELL and BILBREY, JJ., CONCUR.

. Art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(2)(A).

. The quoted portion of the rule references "a person confined in prison.” However, because it was never raised by the wife or addressed by the trial judge, we are not confronted with the issue of what constitutes a "prison” under the provisions of rule 1.310(a).