FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D22-2960
_____

KIMBERLY JORDAN,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____


Petition for Writ of Certiorari—Original Jurisdiction.
Joshua M. Hawkes, Judge.


September 27, 2022


LONG, J.


Petitioner seeks review of an order denying the public defender's (PD) motion to withdraw. The motion turned on a purported conflict between the representation of Petitioner and the PD's prior representation of a potential state witness. We dismissed the petition in a summary order, and now explain why.

The PD has been representing the Petitioner in an ongoing proceeding since March 2022. The PD also represented a potential state witness several years ago. The potential state witness's involvement in Petitioner's case was known to the PD in March when representation began. The PD participated in discovery, refused to waive speedy trial, and twice represented to the trial court that the PD was ready for trial. The PD's lengthy

representation of Petitioner was apparently serious, strategic, and substantive. It involved the provision of counsel through decisions that resulted in consequential changes to the case's legal and procedural posture. The trial court noted the speedy trial decision led to the state ending plea negotiations and moving to classify Petitioner as a habitual felony offender. The decision also put the trial court in a pinch. The trial court had a multi-week murder trial which presented a timing challenge. After the court was able to make adjustments and set Petitioner's trial within the speedy trial recapture period, the PD moved to withdraw.

The trial court then conducted a hearing on the motion to withdraw under section 27.5303, Florida Statutes. That provision governs conflicts of interest for public defenders. Among other things, the provision sets out a process for evaluating potential conflicts and assigns responsibilities to the public defender and the court. § 27.5303(1)(e), Fla. Stat. ("In determining whether or not there is a conflict of interest, the public defender . . . shall apply the standards contained in the Uniform Standards for Use in Conflict of Interest Cases."); § 27.5303(1)(a), Fla. Stat. ("The court shall deny the motion to withdraw if the court finds the grounds for withdrawal are insufficient or the asserted conflict is not prejudicial to the indigent client.").

At the hearing, which occurred less than a week before the specially set trial, the PD sought a continuance while still declining to waive speedy trial. After the hearing, the trial court entered a thoughtful and detailed order. The trial court found that the motion to withdraw failed to establish a conflict and, even if it had, the PD had failed to take reasonable steps to explore alternatives to withdrawal. § 27.5303(1)(e)1., Fla. Stat. ("[T]he public defender . . . must[] [d]etermine if there is a viable alternative to withdrawal from representation which would remedy the conflict of interest and, if it exists, implement that alternative."). The trial court then denied the motion. Petitioner now asks this Court to stay the proceedings and review the trial court's order.

As always, we first determine whether we have jurisdiction to address the issue. We have jurisdiction to review final orders and specific nonfinal orders designated by the Florida Supreme Court.

2

Art V, § 4(b)(1), Fla. Const. The trial court's order here is nonfinal because it does not act as "an end to the judicial labor in the cause." *Augustin v. Blount, Inc.*, 573 So. 2d 104, 105 (Fla. 1st DCA 1991). And an order denying a motion to withdraw is not among the appealable nonfinal orders in the appellate rules. Fla. R. App. P. 9.130. We therefore cannot hear Petitioner's argument on the merits as an authorized appeal.

We instead are limited to the stringent review standard of common law certiorari. To obtain relief by certiorari, the order on review must depart from the essential requirements of the law and cause harm that cannot be corrected on post-judgment appeal. *Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 454 (Fla. 2012). The correctability is a jurisdictional question. *See CVS Caremark Corp. v. Latour*, 109 So. 3d 1232, 1234 (Fla. 1st DCA 2013) (explaining that the irreparable harm inquiry is jurisdictional). This certiorari jurisdictional evaluation is meant to discourage piecemeal review. *Cotton States Mut. Ins. v. D'Alto*, 879 So. 2d 67, 69 (Fla. 1st DCA 2004).

The petition for writ of certiorari must show how the error below cannot be corrected on post-judgment appeal. *Agency for Health Care Admin. v. S. Broward Hosp. Dist.*, 206 So. 3d 826, 828 (Fla. 1st DCA 2016) ("From a practical standpoint, this standard requires the petition to *clearly* reflect how the potential 'harm is incurable' by a final appeal." (emphasis in original) (quoting *Bared & Co., Inc. v. McGuire*, 670 So. 2d 153, 157 (Fla. 4th DCA 1996)). A petition for certiorari *must be dismissed* when it fails to "explain why appellate review of the final judgment would not provide an adequate remedy." *Landmark at Crescent Ridge LP v. Everest Fin., Inc.*, 219 So. 3d 218, 220 (Fla. 1st DCA 2017); s*ee also Magbanua v. State*, 281 So. 3d 523, 527 (Fla. 1st DCA 2019) (holding that a certiorari petitioner must demonstrate that "any material injury she may suffer could not be corrected on direct appeal").

Far from providing a clear explanation, the petition here does not even discuss irreparable harm. It makes *no* argument on this critical preliminary question. Because Petitioner has failed to show how a post-judgment appeal could not correct the alleged error, we dismiss the petition for lack of jurisdiction.

DISMISSED.

JAY, J., concurs; LEWIS, J., dissents without opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and John Knowles, Assistant Public Defender, Tallahassee, for Petitioner.

Ashley Moody, Attorney General, and Trisha Meggs Pate, Bureau Chief, Tallahassee, for Respondent.