283 So.2d 386 (1973)
Jean W. GENTRY, Petitioner,
v.
The DEPARTMENT OF PROFESSIONAL AND OCCUPATIONAL REGULATIONS, STATE BOARD OF MEDICAL EXAMINERS of Florida, Respondent.
No. S-494.
District Court of Appeal of Florida, First District.
October 4, 1973.
Joseph D. Farish, Jr., of Farish & Farish, West Palm Beach, for petitioner.
Michael I. Schwartz, Tallahassee, for respondent.
WIGGINTON, Judge.
Petitioner was charged by respondent with four separate violations of the Medical Practice Act, Chapter 458, Florida Statutes, F.S.A. governing the practice of medicine by duly licensed medical doctors in Florida. A hearing examiner was duly appointed and testimony was adduced concerning the charges so made against petitioner. The hearing examiner filed with respondent his report containing findings of fact, conclusions of law, and recommendations for disposition of the case. Exceptions to the special examiner's report were filed and heard by respondent, following *387 which a final order was rendered overruling petitioner's exceptions and adopting, ratifying, and confirming three of the special examiner's recommendations with regard to disciplinary action which should be taken against petitioner, and modifying the fourth recommendation made for the same purpose.
Petitioner now seeks review by certiorari of the final order rendered by respondent pursuant to the provisions of the Administrative Procedures Act, F.S. Chapter 120, F.S.A. One of the points urged by petitioner is that the final order sought to be reviewed should be quashed and held for naught because it contains no findings of fact as a predicate for the disciplinary action taken by respondent as required by law. With this contention we are impelled to agree. A careful examination of the final order sought to be reviewed affirmatively discloses that it contains no findings of fact by respondent, nor does it adopt, ratify, or confirm the findings of fact expressed in the special examiner's report and recommendations. The order merely recites that respondent has considered the recommendations of the hearing examiner, the exceptions filed thereto, the rules of the Florida State Board of Medical Examiners, and thereupon orders that the exceptions be overruled, that three of the special examiner's recommendations be adopted, and that the fourth be modified to provide different conditions.
It has been repeatedly held by the courts of this state that in order to assure due process and equal protection of the laws, every final order entered by an administrative agency in the exercise of its quasi-judicial functions must contain specific findings of fact upon which its ultimate action is taken. An administrative order which fails to contain such findings is ineffectual as a predicate for the order sought to be enforced.[1]
Because of the insufficiency of the order sought to be reviewed herein, it is hereby quashed and jurisdiction of this cause is temporarily relinquished and the cause remanded to respondent with directions that an appropriate final order be entered containing respondent's separate and independent findings of fact, its conclusions of law, and the disposition to be made of the complaint brought against petitioner. Respondent is directed to comply with the requirements of this mandate within 15 days from the date of its rendition and to then file in this cause with the Clerk of this Court a certified copy of the final order so rendered by it. Petitioner shall have 15 days thereafter within which to file a supplemental brief directed to the final order so rendered by respondent if she is so advised.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Ford v. Bay County School Board (Fla. App. 1970), 246 So.2d 119;

Powell v. Board of Public Instruction of Levy County (Fla.App. 1970), 229 So.2d 308;
Hickey v. Wells (Fla. 1957), 91 So.2d 206, 210.