JACOBUS, BRUCE W„ Associate Judge.
Appellant, Sayed M. Harun, appeals a final administrative order entered by the Florida Department of Children and Families (DCF) which denied Harun Medicaid benefits. We reverse and remand the case to the lower court to make further findings of fact.
On June 23, 2000, Harun applied to DCF for benefits through Florida’s AFDC-Related Medically Needy Program because his limited insurance coverage failed to cover all of the medical expenses that he incurred when he had four heart bypass surgeries the prior month. DCF initially denied Harun’s request because he failed to provide the documentation necessary to verify his eligibility. Harun alleges that he timely provided all documents to DCF, except for information pertaining to his wife’s 401k plan which he had difficulty obtaining due to his illness and his wife’s inability to speak English. When he finally obtained this information, Harun alleges that DCF informed him that his file had been closed.
On August 25, 2000, Harun apphed for a second time to DCF for benefits. However, Harun again became ill and was readmitted to the hospital. Due to his hospitalization, Harun missed an interview with DCF which resulted in the denial of benefits. On February 6, 2002, Harun submitted a third application to DCF. DCF approved this application finding that all eligibility requirements were met, but DCF denied benefits because DCF’s administrative rules extend Medicaid eligibility only three months retroactively. On March 3, 2001, Harun’s DCF caseworker explained in writing that the denial of benefits was due to Harun’s failure “to follow through” on eligibility.
Harun appealed the denial to DCF’s Office of Appeal Hearings, and on July 10, 2001, the hearing officer affirmed the denial of benefits, stating that because Harun was extended twenty additional days to submit documentation, “the petitioner’s claim that he was unable to return the documents timely due to illness is not valid.”
Section 120.68(1), Florida Statutes (2001), authorizes judicial review of final administrative orders. Competent substantial evidence must support the findings of fact made by the administrative law judge. See § 120.68(7)(b); Axilrod v. Dep’t of Children & Family Servs., 799 So.2d 1103, 1108 (Fla. 4th DCA 2001). Moreover, appellate courts may “set aside agency action” when an agency has erroneously interpreted a provision of law, or has exercised its discretion in a manner inconsistent with agency rules. See § 120.68(7)(d), (e)2.; Schrimsher v. Sch. Bd. of Palm Beach County, 694 So.2d 856, 861 (Fla. 4th DCA 1997); Marrero v. Dep’t of Prof'l Regulation Bd. of Psychological Exam’rs., 622 So.2d 1109, 1113 (Fla. 1st DCA 1993). We must remand the case because the hearing officer failed to make necessary findings of fact and based on the appellate record it appears that DCF exer *539 cised its discretion in a manner inconsistent with agency rules.
Section 409.902, Florida Statutes (2001), assigns the responsibility of determining Medicaid eligibility to DCF. Chapter 65A-1.205, Florida Administrative Code, outlines the procedure that DCF must follow in determining eligibility for Medicaid benefits. With regard to verifying an applicant’s eligibility, rule 65A-1.205(l)(d), Florida Administrative Code, provides in pertinent part:
If the eligibility specialist determines at the interview or at any time during the application process that additional information or verification is required, or that an assistance group member is required to register for employment services, the specialist must grant the assistance group 10 calendar days to furnish the required documentation or to comply with the requirements.... If the verification or information is difficult for the person to obtain, the eligibility specialist must provide assistance in obtaining the verification or information when requested or when it appears necessary. ...
(Emphasis added). DCF was required when it appeared necessary to provide assistance to Harun in obtaining the remaining documents so that his Medicaid eligibility could be verified. The hearing officer made no findings of fact as to whether DCF complied with this rule, despite the rule’s requirement for DCF to do this. Therefore, this case is remanded for the hearing officer to make findings of fact as to whether DCF complied with rule 65A-1.205(l)(d) requiring DCF not to just offer, but actually provide assistance to Harun “when it appears necessary.”
Moreover, rule 65A-1.205(l)(d) also expressly provides for an extension of time to submit original verification documents upon the applicant’s request if “there are extenuating circumstances justifying an additional extension ... such as sickness.” Here, Harun was granted one ten-day extension of time; however, he was not granted any additional extensions of time despite his apparent good faith effort to provide the documents in a timely fashion being ultimately prevented from meeting the deadline due to his own illness and his wife’s language barrier.
REVERSED AND REMANDED.
STONE and MAY, JJ., concur.