# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1529
Lower Tribunal Nos. 07-35238, DOAH 12-0005PL

_____

## Gustavo B. Borges, D.D.S.,
Appellant,

vs.

## Department of Health,
Appellee.

An Appeal from the Department of Health, Florida Board of Dentistry.

Schochet Law Group, and Randall M. Shochet (Greenacres), for appellant.

Therese A. Savona, Chief Appellate Counsel (Tallahassee), for appellee.

Before SUAREZ, ROTHENBERG, and LOGUE, JJ.

LOGUE, J.

Gustavo Borges appeals a final order of the Florida Board of Dentistry ("the Board") revoking his license to practice dentistry based on his conviction of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(A)(a)(2)(A). The record includes the testimony of eight lay witnesses and

four expert witnesses. The order of the administrative law judge which is the basis for the Board's decision, however, discusses the testimony of only one witness, the respondent. The testimony of the other witnesses is not acknowledged, much less discussed, much less are factual findings made regarding their testimony.

This case raises the important issue of whether the conviction of knowingly receiving child pornography relates to the practice of dentistry. This issue seems to have been the subject of most of the testimony of the expert witnesses, which agreed on some points and disagreed on others. This issue was also addressed by the lay witnesses. But, as we stated earlier, the order makes no fact findings regarding the testimony on this point.

Rather than review the evidence in the record and make appropriate findings of fact, the administrative law judge, and ultimately the Board, relied solely on a purported concession contained within Borges's proposed recommended order to establish that the federal conviction related to his ability to practice dentistry. Borges asserts that the statement from the proposed order is being misinterpreted. He notes that during the hearing his counsel consistently argued that the crime was not related to the practice of dentistry ("How [is receiving electronic images on a computer] related to his ability to practice? It doesn't. It's not related at all."). Placed in context, it seems clear that Borges's counsel did not make this statement in the proposed order for the purpose of dispensing with the need for proof on that

particular issue which, after all, was one of the main issue contested during the hearing. In light of this circumstance, and in light of the fact that the proposed order was not adopted, we find that such a statement does not constitute a sufficient factual foundation to resolve the crucial factual and legal issue upon which the Board can revoke Borges's professional license.

A recommended order by an administrative law judge must contain "findings of fact, conclusions of law, and recommended disposition." § 120.57, Fla. Stat. (2008); see also Fla. Admin. Code R. 28-106.216(1) (2008) (stating that a recommended order "shall include a caption, time and place of hearing, appearances entered at the hearing, statement of the issues, findings of fact and conclusions of law, separately stated, and recommendation for final agency action"). The statutory and regulatory provisions' requirement of factual findings is ultimately based on principles of due process. Gentry v. Dep't of Prof'l & Occupational Regulations, State Bd. of Med. Examiners, 283 So. 2d 386, 387 (Fla. 1st DCA 1973) ("It has been repeatedly held by the courts of this state that in order to assure due process and equal protection of the law, every final order entered by an administrative agency in the exercise of its quasi-judicial functions must contain specific findings of fact upon which its ultimate action is taken.").

We find this order does not sufficiently comply with the requirement to make express findings of fact. As a reviewing court, we are left to guess whether

3

the administrative law judge disbelieved all or some of the testimony or simply found the testimony irrelevant to his recommended disposition. Accordingly, we remand to the Board so that it can refer this matter to the administrative law judge to make sufficient findings. See Cohn v. Dep't of Prof'l Regulation, 477 So. 2d 1039, 1047 (Fla. 3d DCA 1985) ("When the entity charged with finding facts upon the evidence presented, the hearing officer, has, for whatever reason, failed to perform this function, the appropriate remedy is not for the agency (or the court of appeal) to reach its own conclusion, but rather to remand for the officer to do so."); Lamphier v. Fla. Bd. of Med. Examiners, 492 So. 2d 481, 483 (Fla. 4th DCA 1986) (holding under Administrative Procedures Act, where fact findings were insufficient, case should be remanded with directions that an amended order be entered adequately setting out the grounds for denial).

In so holding, we are not indicating that findings of fact must address the testimony of each and every witness or address the weight given to each exhibit admitted into evidence. However, the recommended order should address the factual controversies that were the subject of the hearing to the extent they are relevant to the recommended disposition or, however briefly, indicate why the testimony was not pertinent.

Reversed and remanded.

4