WOLF, J.
The Agency for Health Care Administration (AHCA) files this petition for writ of mandamus challenging the order of an administrative law judge (ALJ) declining AHCA’s request for remand in order to make additional factual findings following a formal administrative hearing. For the reasons discussed below, we treat this petition as one seeking review of non-final agency action pursuant to section 120.68(1), Florida Statutes, and grant it.

I. FACTS

Respondent, a physician, is a Medicaid provider. Under the Medicaid statutory framework, Medicaid providers file claims with AHCA to receive payment for services. rendered. See § 409.913(7), Fla. Stat. In January 2013, AHCA issued a Final Audit Report to respondent which stated that AHCA had completed a review of respondent’s claims for Medicaid payment and concluded that he had been over paid in the amount of $1,051,992.99. AHCA found two reasons for the overpayment: (1) a peer consultant determined that some of the documentation respondent provided with his claims supported a lower level of office visit than the one for which he billed and received payment; and (2) some of the services for which he billed and received payments were not properly documented.
Respondent requested a formal administrative proceeding pursuant to section 120.57(1), Florida Statutes. Following the hearing, the ALJ issued a Recommended Order dismissing the Final Audit Report because the ALJ concluded as a matter of law that the doctor who conducted the peer review of respondent’s claims, Dr. O’Hern, was not respondent’s “peer” as defined by section 409.9131(2)(e), Florida Statutes.
*664 Upon receiving the Recommended Order, AHCA issued an order remanding the matter to the ALJ for additional factual findings, citing “exceptional circumstances.” AHCA found the ALJ should have deferred to AHCA’s reasonable interpretation of section 409.9131(2)(c), under which Dr. O’Hern would qualify as a “peer.” Alternatively, even if Dr. O’Hern did not meet the statutory definition of “peer,” AHCA stated the ALJ should have made factual findings on the claims that, were not supported by sufficient documentation, because that determination did not need to be made by a peer reviewer.
The ALJ entered an order declining remand. In response, AHCA entered a Partial Final Order and again remanded for factual findings. AHCA concluded as a matter of law that Dr. O’Hern was a “peer” as defined by section 409.9131(2)(c). Thus, AHCA remanded to the ALJ “to make factual findings regarding all the claims at issue in this matter with the understanding that Dr. O’Hern is a ‘peer’ of respondent as defined by Section 409.9131(2)(c), Florida Statutes.”
The ALJ entered an order again declining remand. In response, AHCA filed, the instant petition for writ of mandamus asking this court to direct the ALJ to fulfill his statutory duty to make factual findings with regard to each Medicaid claim identified in the Final Audit Report.

II. PROCEDURAL POSTURE

AHCA filed the underlying petition as one for writ of mandamus. However AHCA acknowledges it may have been more properly brought as a petition seeking review of non-final agency action as permitted by section 120.68(1), which states, “A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate i'emedy.” We agree.
In a procedurally similar case, this court found a petition for writ of mandamus challenging an ALJ’s refusal to conduct a formal hearing was improper because a writ of mandamus should not be issued where there is an adequate legal remedy, and section 120.68(1) provides such a remedy. See Agency for Health Care Admin. v. Mount Sinai Med. Ctr. of Greater Miami, 690 So.2d 689, 690 (Fla. 1st DCA 1997). The Mount Sinai court found in that case, the final agency decision would not provide an adequate remedy as contemplated by section 120.68(1) because “it is not clear when or if a final agency decision will issue absent intervention by this court to resolve the stalemate.” Id. The same is true here.
Further, because AHCA filed the underlying petition within 30 days of the ALJ’s second order declining remand, the petition would be timely if treated as a petition for review of non-final agency action. See Fla. R.App. P. 9.100 (c)(3) (stating a “petition to review non-final agency action under the Administrative Procedure Act” shall be filed within 30 days of rendition of the order to be reviewed).
For the foregoing reasons, we treat the petition for writ of mandamus as a petition for review of non-final agency action pursuant to section 120.68(1).
“The scope of review” for a petition seeking review of non-final agency action under section 120.68(1) “ ‘is analogous to, and no broader than the right of review by common law certiorari.’ ” CNL Resort Hotel, L.P. v. City of Doral, 991 So.2d 417, 420 (Fla. 3d DCA 2008) (quoting Fla. Dep’t of Fin. Servs. v. Fugett, 946 So.2d 80, 81 (Fla. 1st DCA 2006)). “On certiorari review, a petitioner must demon *665 strate that the lower court ‘departed from the essential requirements of the law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final judgment.’ ” Id. (quoting Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000)).

III. ANALYSIS

AHCA argues the ALJ departed from the essential requirements of the law by failing to make factual findings on all of the contested Medicaid claims, and those factual findings are necessary before AHCA can issue a final order. We agree.
ALJs are required by statute and rule to make findings of fact. See 120.57 (1)(k), Fla. Stat. (“The presiding officer shall complete and submit ... a recommended order consisting of findings of fact, conclusions of law, and a recommended disposition. ...”); Fla. R. Admin. P. 28-106.216 (1) (“the presiding officer shall ... file a recommended order which shall include ... findings of fact ... ”).
“ ‘It has been repeatedly held by the courts of this state that in order to assure due process and equal protection of the law, every final order entered by an administrative agency in the exercise of its quasi-judicial functions must contain specific findings of fact upon which its ultimate action is taken.’ ” Borges v. Dep’t of Health, 143 So.3d 1185, 1187 (Fla. 3d DCA 2014) (quoting Gentry v. Dep’t of Prof'l & Occupational Regulations, State Bd. of Med. Examiners, 283 So.2d 386, 387 (Fla. 1st DCA 1973) (finding an ALJ failed to “sufficiently comply with the requirement to make express findings of fact” based on the evidence presented and instead relied solely on a purported concession by a party that the party argued was misinterpreted)).
“When the entity charged with finding facts upon the evidence presented, the hearing officer, has, for whatever reason, failed to perform this function, the appropriate remedy is not for the agency (or the court of appeal) to reach its own conclusion, but rather to remand for the officer to do so.” Cohn v. Dep’t of Prof'l Regulation, 477 So.2d 1039, 1047 (Fla. 3d DCA 1985). In a factually similar ease, the Second District held that where an agency determined that an ALJ incorrectly interpreted and applied the law, it was proper for the agency to remand for additional factual findings in light of the agency’s explanation of the law. See Charlotte County v. IMC Phosphates Co., 18 So.3d 1089, 1093 (Fla. 2d DCA 2009). See also Harun v. Dep’t of Children & Families, 837 So.2d 537, 538-39 (Fla. 4th DCA 2003) (“We must remand the case because the hearing officer failed to make necessary findings of fact” regarding whether DCF complied with an administrative rule).
Here, the ALJ must make express factual findings on each of the contested Medicaid claims, because those factual findings are necessary in order for AHCA to enter a final order. It would be a due process violation for AHCA to enter a final order that lacked “ ‘specific factual findings upon which its ultimate action is taken.’ ” Borges, 143 So.3d at 1187 (quoting Gentry, 283 So.2d at 387). Thus, we find the ALJ departed from the essential requirements of the law in declining AHCA’s second request to make factual findings on all of the contested Medicaid claims in light of AHCA’s legal conclusion that Dr. O’Hern met the statutory definition of “peer.”
We note that the parties also raise substantive challenges to the Recommended Order, including whether the ALJ should have deferred to AHCA’s interpretation of the word “peer,” and whether the determination that some of the Medicaid claims were not supported by sufficient documen *666 tation must be made by a “peer.” However, the Recommended Order is not on' review before this court.
For the foregoing reasons, we GRANT the petition pursuant to section 120.68(1) and remand the case to the ALJ with directions to make factual findings on each of the contested Medicaid claims.
MAKAR and OSTERHAUS, JJ., concur.