# Third District Court of Appeal

## State of Florida

Opinion filed January 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0632
Lower Tribunal No. 19-09-K
_____

**Michael Hayes and Debra Ferragamo-Hayes,**
Petitioners,

vs.

**Monroe County, Florida,**
Respondent.

A Writ of Certiorari to the Circuit Court for Monroe County, Appellate Division, Timothy J. Koenig, Judge.

Lee Robert Rohe, P.A., and Lee Robert Rohe, for petitioners.

Robert B. Shillinger, Jr., Monroe County Attorney, and Peter H. Morris, Assistant Monroe County Attorney, for respondent.

Before LINDSEY, MILLER, and BOKOR, JJ.

MILLER, J.

Petitioners, Michael Hayes and Debra Ferragamo-Hayes, seek second-tier certiorari review of an opinion rendered by the appellate division of the Circuit Court of Monroe County in favor of respondent, Monroe County, Florida. In its decision, the circuit court affirmed a code enforcement order finding petitioners in violation of certain county ordinances. Concluding the circuit court departed from the essential requirements of law by failing to apply the correct statutory and regulatory framework, we grant the petition.

**BACKGROUND**

The facts of this case require little elaboration. Petitioners purchased a house elevated on columns in Cudjoe Key, Florida. At the time of purchase, a downstairs enclosure and an abutting garage were located below the living quarters. Permits to construct the enclosure and garage were issued in 1977.[1]

Approximately three years after acquiring the residence, petitioners applied for a permit to remove and replace the upstairs and downstairs siding. The County issued a permit differing from that sought in the application, in that it prohibited any work relating to the lower enclosure. Under the watchful eye of the County, petitioners replaced the siding on the

---

[1] The current Monroe County Code of Ordinances limits the square footage of downstairs enclosures. The ordinance in place in 1977, however, contained no such restriction.

entire home, including the downstairs, without incident, and the work passed a final inspection.

Despite this series of events, some seven months later, the County determined the downstairs siding was unauthorized. After an e-mail exchange, it further deemed the lower enclosure, including the garage, an illegal expansion under the Monroe County Code of Ordinances (the "Code"). Petitioners were cited for various violations and instructed to remove the siding and demolish the lower enclosure. Estimates acquired by petitioners demonstrated that bringing the home into compliance would entail prohibitive costs.

As provided by Florida law, petitioners sought and obtained a hearing before a special magistrate designated by the County to preside over code enforcement violations. At the hearing, relying upon the final inspection, along with the age of the downstairs enclosure and garage, petitioners asserted enforcement of the Code was barred by estoppel and laches. Efforts to develop these defenses were redirected by the magistrate.

While observing the case was one of the "more unfortunate cases" and "very unfair," the magistrate issued a perfunctory order, finding petitioners violated sections 6-100 and 122-4(a)(9) of the Code. Factual and legal findings did not accompany the decision.

3

Petitioners appealed the order in the Sixteenth Judicial Circuit Court. By means of an articulate and expansive decision, the circuit court affirmed the decision of the magistrate. A later motion for rehearing was summarily denied, and the instant petition ensued.

**ANALYSIS**

Our inquiry on second-tier certiorari "'is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)). "[W]hile we are governed by a very narrow standard of review, our discretionary use of our certiorari power must not be so narrowly applied as to deprive litigants and the public [of] essential justice." City of Miami v. Cortes, 995 So. 2d 604, 605 (Fla. 3d DCA 2008).

Procedural due process is not an issue here, so we must determine whether the circuit court applied the correct law. The issues in the instant petition revolve around the core concern that the magistrate failed to consider the doctrines of estoppel and laches as defenses to the Code violations. In this regard, petitioners contend the lack of factual findings by the magistrate rendered the order statutorily and regulatorily noncompliant,

4

which, in turn, obfuscated the issue of whether the magistrate considered estoppel and laches or considered himself precluded from doing so.

Chapter 162, Florida Statutes (2021), "is divided into two parts, both of which authorize proceedings for code-enforcement." Sarasota County v. Nat'l City Bank of Cleveland, 902 So. 2d 233, 235 (Fla. 2d DCA 2005). Part I, entitled the "Local Government Code Enforcement Boards Act" (the "Act"), allows a county or municipality to adopt an administrative code enforcement system. Id.; see § 162.03(2), Fla. Stat. Part II provides for supplemental methods of enforcement within the judicial system. Sarasota County, 902 So. 2d at 235; see § 162.21(8), Fla. Stat. The Act allows a county or municipality to enforce its code through an administrative process by designating either a special magistrate or code enforcement board, or both, to preside over enforcement proceedings. § 162.03(2), Fla. Stat. In the event a county implements an alternative system, dispensing with an enforcement board, the designated special magistrate "shall have the same status as an enforcement board." Id. The code enforcement board is required to "issue findings of fact, based on evidence of record and conclusions of law, and . . . issue an order affording the proper relief" at the conclusion of any code enforcement hearing. § 162.07(4), Fla. Stat.; see also Massey v. Charlotte County, 842 So. 2d 142, 145 (Fla. 2d DCA 2003)

("After notice to the property owner, the board must hold a hearing during which it must take testimony under oath from the code inspector and the alleged violator and must make findings and issue an order.").

As relevant here, the County adopted an alternate code enforcement system, as authorized by the Act.  See Monroe County, Fla., Code §8-28 (2021); § 162.03(2), Fla. Stat.  Under the alternative system, the County designates code-compliant special magistrates to preside over code enforcement hearings.  As does the Act, the Code requires the special magistrate to "issue findings of fact, based on evidence of record and conclusions of law, and . . . issue an order affording the proper relief" at the conclusion of the hearing.  Monroe County, Fla., Code §8-29(c).

Applying this framework, while neither the Act nor the Code mandates any specific amount of detail, the magistrate was required to make basic findings supported by evidence.  See id.; § 162.07(4), Fla. Stat; see also Borges v. Dep't of Health, 143 So. 3d 1185, 1187 (Fla. 3d DCA 2014) ("The statutory and regulatory provisions' requirement of factual findings is ultimately based on principles of due process."); Gentry v. Dep't of Prof'l & Occupational Reguls., State Bd. of Med. Exam'rs, 283 So. 2d 386, 387 (Fla. 1st DCA 1973) ("It has been repeatedly held by the courts of this state that in order to assure due process and equal protection of the law, every final

order entered by an administrative agency in the exercise of its quasi-judicial functions must contain specific findings of fact upon which its ultimate action is taken."); McKeegan v. Ernste, 84 So. 3d 1229, 1230 (Fla. 4th DCA 2012) (finding order devoid of rule-based requirement to render factual findings facially deficient). And here, the magistrate did not.

The circuit court, however, veered away from this patent deficiency and summarily determined "the Special Magistrate was attuned to the equitable principles in play." As argued by petitioners, this "placed the reviewing Circuit Court in the *de facto* position of performing the Special Magistrate's statutory duty of issuing findings of fact and conclusions of law." In other words, the diligence and thoroughness of the circuit court cannot compensate for the lack of findings by the magistrate.

The failure to apply a controlling legal decision or statute "is a classic departure from the essential requirements of the law." State v. Jones, 283 So. 3d 1259, 1266 (Fla. 2d DCA 2019); see also Gonzalez v. State, 15 So. 3d 37, 39 (Fla. 2d DCA 2009) ("A departure from the essential requirements of law, alternatively referred to as a violation of clearly established law, can be shown by a misapplication of the plain language in a statute."); Just. Admin. Comm'n v. Peterson, 989 So. 2d 663, 665 (Fla. 2d DCA 2008) ("When the circuit court does not apply the plain and unambiguous language

of the relevant statute, it departs from the essential requirements of law."). Had the circuit court applied the regulatory and statutory provisions requiring written findings in this case, it would not have affirmed the code enforcement order. Accordingly, we conclude the decision departed from the essential requirements of law.

The decision to grant or withhold relief by way of second-tier certiorari largely depends on our "assessment of the *gravity of the error* and the *adequacy of other relief*." Custer, 62 So. 3d at 1092 (quoting Heggs, 658 So. 2d at 531 n.14). In the instant case, if the legal error is left uncorrected, it will remain unknown whether the magistrate considered and rejected the doctrines of laches and estoppel or simply believed he was precluded from doing so. As we have previously held in a similar procedural and factual context that such defenses are conclusive, allowing the decision to stand threatens to compromise the very due process the regulatory and statutory scheme strives to afford. See Castro v. Miami-Dade Cnty. Code Enf't, 967 So. 2d 230, 234 (Fla. 3d DCA 2007). Accordingly, we grant the petition for certiorari and quash the decision affirming the code enforcement order.

Petition granted.