# First District Court of Appeal
# State of Florida

_____

No. 1D2023-0020
_____

STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,

Petitioner,

v.

ALFRED IVAN MURCIANO, M.D.,

Respondent.

_____

Petition for Review of Non-Final Agency Action.

March 20, 2024

PER CURIAM.

The Agency for Health Care Administration ("AHCA") petitioned for review of non-final agency action. AHCA challenges an order of an administrative law judge ("ALJ") declining a remand for additional factual findings. For the reasons discussed below, we grant the petition.

*Background*

AHCA is the state agency responsible for administering Florida's Medicaid program. Dr. Alfred Murciano is a Medicaid provider. Medicaid providers file claims with AHCA to receive payment for medical services provided to patients. AHCA audits claims to identify overpayments.

AHCA issued a Final Audit Report to Dr. Murciano, stating that he was overpaid $1,846,120.10 for claims he filed during the audit period. The audit also assessed administrative fines and costs.

Dr. Murciano disputed the alleged overpayments and requested a formal administrative hearing under sections 120.569 and 120.57(12), Florida Statutes. The matter was referred to the Division of Administrative Hearings and assigned to ALJ John G. Van Laningham. The administrative hearing on the disputed claims spanned 22 days, included tens of thousands of pages in exhibits, involved the testimony of multiple fact and expert witnesses, and has a 32-volume transcript. At the conclusion, the ALJ issued a Recommended Order that did not make any findings of fact on the disputed Medicaid claims. Instead, the ALJ concluded, as a matter of law, that the physician who conducted the peer review of the claims, Dr. Jenkins, did not qualify as a "peer" under section 409.9131(5)(b), Florida Statutes. In reaching this conclusion, he considered a decision from our sister court that addressed the very same "peer" question involving the same parties. *See Murciano v. State*, 208 So. 3d 130 (Fla. 3d DCA 2016) (*Murciano II*) (holding that the reviewing doctor was a "peer" within the meaning of the statute). The ALJ took time to explain why that decision "was wrongly decided," "cannot be correct," "essentially ignored" the proper grammatical reading of the statute, and contradicts what "[l]ogic dictates." He decided, however, to "reluctantly" follow that binding decision. He then found another reason to conclude Dr. Jenkins was not a peer. And on that basis, he recommended AHCA dismiss the proceeding.

AHCA then remanded the matter, requesting the ALJ make findings of fact on the disputed Medicaid claims. To make the matter clear, AHCA indicated that it intended to reject the ALJ's legal interpretation of the peer requirement and would find that Dr. Jenkins was a peer. AHCA therefore asked the ALJ to make the findings of fact on the individual claims that were necessary for the issuance of a final order. AHCA also pointed to our decision in *State v. Murciano*, 163 So. 3d 662 (Fla. 1st DCA 2015) (*Murciano I*), in which we addressed the same issue, again with the same parties, and required the ALJ to follow the law and make the required findings.

2

The ALJ then issued another order, declining remand and refusing to make any other findings of fact. This time, the ALJ explained that our decision in *Murciano I* was wrong. He said that our conclusion that factual findings are necessary for a lawful final order on the disputed overpayments was "plainly not true." He said that we "dodged" the central issue in the case, that our "rationale . . . is logically flawed," and our reasoning "unpersuasive." He then refused to comply with it. Instead, he engaged in a constitutional analysis and determined our decision conflicted with article V, section 21. While on this constitutional flight of fancy, the ALJ also determined that the requirements of section 21 go well beyond its text. He found that section 21 "prohibits an ALJ from taking any action in furtherance of an agency's statutory interpretation that conflicts with his . . . own de novo interpretation of the statute." The ALJ ultimately concluded he was not bound by this Court's holding in *Murciano I*. He also refused AHCA's request to, at least, make findings of fact as to the claims that did not require a peer review. But even this the ALJ refused, claiming "[t]he ALJ should not be required to perform such a laborious task."

In response, AHCA issued a Partial Final Order, concluding that Dr. Jenkins was a "peer" under section 409.913(2), Florida Statutes, and again remanded to the ALJ to engage in factfinding on the disputed claims. The ALJ once again refused to accept remand or make additional findings of fact. He issued a third order, informing AHCA, and apparently this Court, that he "will conduct no further proceedings in this matter except pursuant to an appellate mandate, and then only—it is to be hoped—if the court of appeal has decided, on the merits" of the peer question. AHCA then filed the instant petition, asking us to direct the ALJ to make the required findings of fact in compliance with his statutory duty under section 120.57(1)(k), Florida Statutes.

*Analysis*

AHCA filed this petition for review of the ALJ's order arguing it was immediately reviewable because review of final agency action would not provide an adequate remedy. *See* § 120.68(1)(b), Fla. Stat. ("A preliminary, procedural, or intermediate order of . . . an administrative law judge . . . is immediately reviewable if

3

review of the final agency decision would not provide an adequate remedy."). We have held that a section 120.68(1)(b) petition is analogous to review by common law certiorari. *See Murciano I*, 163 So. 3d at 664; *Charlotte Cnty. v. Gen. Dev. Utilities, Inc.*, 653 So. 2d, 1081, 1084 (Fla. 1st DCA 1995). We therefore require a showing that the ALJ has departed from the essential requirements of the law and that the error cannot be adequately remedied on final appeal. *Murciano I*, 163 So. 3d at 665. AHCA argues that the ALJ has departed from the essential requirements of law by refusing to make the required findings of fact on the individual Medicaid claims for which overpayments were identified. AHCA argues these factual findings are necessary to issue a lawful final order. We reaffirm *Murciano I*; for the reasons stated there, and those that follow here, we find AHCA has met its burden for non-final review.

Section 120.57(1)(k), Florida Statutes, provides, "[t]he presiding officer shall complete and submit to the agency and all parties a recommended order consisting of findings of fact, conclusions of law, and recommended disposition or penalty, if applicable, and any other information required by law to be contained in the final order." Thus, as we have said before, ALJs are required by law to submit a recommended order which includes findings of fact on the disputed claims.

We have already addressed this precise issue with the same parties. We held that "the ALJ must make express factual findings on each of the contested Medicaid claims, because those factual findings are necessary in order for AHCA to enter a final order. It would be a due process violation for AHCA to enter a final order that lacked 'specific factual findings upon which its ultimate action is taken.'" *Murciano I*, 163 So. 3d at 665 (citing *Borges v. Dep't of Health*, 143 So. 3d 1185, 1187 (Fla. 3d DCA 2014)).

We also held that the ALJ had "departed from the essential requirements of the law in declining AHCA's second request to make factual findings on all of the contested Medicaid claims in light of AHCA's legal conclusion that [the reviewing physician] met the statutory definition of 'peer.'" *Id*. We then remanded the case to the ALJ with directions to make factual findings on each of the contested Medicaid claims.

4

The ALJ, here, maintains the position that *Murciano I* is no longer "good law" because of the adoption of article V, section 21. He claims he need not make findings of fact because article V, section 21 prohibits administrative hearing officers from deferring to an agency's statutory interpretation. But we see no connection between the constitutional charge to make de novo legal conclusions and his refusal to make the statutorily required findings of fact. The argument takes the constitutional text beyond that which it can bear—that not only must the hearing officer make de novo legal conclusions but also that agencies can no longer reject a hearing officer's legal conclusions and make their own. But, of course, Florida law has long authorized just that. Section 120.57(1)(*l*) expressly authorizes agencies to reject an ALJ's legal conclusions and substitute the order with its own. Acknowledging this, Dr. Murciano advocates the ALJ's position by encouraging us to hold that section 120.57(1)(*l*) is unconstitutional. But that argument misunderstands the Administrative Procedure Act. The adoption of article V, section 21 was an important shift in Florida law, but it means what it says—article V courts and administrative hearing officers are to make de novo legal conclusions without deference to an agency's preferred interpretation.[1] It does not prohibit, as the ALJ argues, an administrative hearing officer from taking any action "in furtherance" of an agency interpretation. And it does not upend the Administrative Procedure Act's framework which calls for a "recommended order" from an ALJ (which now must be based on the ALJ's non-deferential view of the law) and a "final order" from the agency. The agency gets to determine what legal conclusions to reject and what to accept from the ALJ's recommendation. Agency action is just that, the agency's action. The conclusions of law in a final order are the conclusions of the agency, not the ALJ's.[2] To adopt the proposed constitutional interpretation would

---

[1] We appreciate and respect the experience of the amici in this case. We agree that article V, section 21 represents a sea change in Florida law and is applicable to hearing officers at the Department of Administrative Hearings.

[2] We address here only the administrative process set out in section 120.57. We do not speak to other statutory provisions, like section 120.56(4)(d), which say an ALJ's decision can "constitute a

be to effectively convert agency hearing officers' recommended orders into final orders and ALJs into article V courts. Such a result is not just at odds with the language of the provision at issue, but with our most basic concepts of republican constitutional government.

The ALJ here seems to have a fundamental misunderstanding of his role. He characterizes the issue as "a disagreement between a judge and a party regarding the interpretation of a controlling statute." And so, we pause here to remind this ALJ that he is not an article V judge. We caution him, as we have before, that the Division of Administrative Hearings is an executive agency, exercising executive powers. *State v. Smathers*, 264 So. 3d 256, 258 (Fla. 1st DCA 2019) (Wetherell, J., concurring) (warning this same ALJ about his "novel" jurisdictional conclusions, explaining that the APA does not grant ALJs the power to invalidate statutes on constitutional or any other grounds, and that ALJs must follow the law even if "in the ALJ's view, the statute is 'inoperative,' ineffectual, or otherwise invalid."). Our government is "divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." Art. II, § 3, Fla. Const. Even when convinced that a statute will ultimately be held unconstitutional, until it has been successfully challenged in an article V court, an ALJ is "not free to ignore the law." *Dortch v. Alachua Cnty. Sch. Bd.*, 330 So. 3d 976, 979 (Fla. 1st DCA 2021). "Laws are presumed to be, and must be treated and acted upon by subordinate executive functionaries as, constitutional and legal, until their unconstitutionality or illegality has been judicially established; for in a well-regulated government obedience to its laws by executive officers is absolutely essential and of paramount importance." *State ex rel. Atl. Coast Line R. Co. v. State Bd. of Equalizers*, 94 So. 681, 685 (Fla. 1922).

---

final order." § 120.56(4)(d), Fla. Stat.; *see also* § 120.56(1)(e) (stating that the ALJ's "order shall be final agency action."). While ALJ orders may sometimes constitute final agency action, their acts are always an exercise of executive power. ALJs do not, and cannot, exercise judicial power.

6

Finally, AHCA argues the ALJ has "vacated his role as impartial tribunal" and "may lack . . . the appropriate state of mind to carry out his duty to make the findings of fact." Yet AHCA requests no remedy for this. We will not unilaterally craft one. We do, however, copy the Division of Administrative Hearings Chief Judge on this disposition so that he may take whatever action he determines appropriate.

For these reasons, we grant the petition. When, on remand, an ALJ issues a supplemental recommended order, it will not mean the ALJ is deferring to the agency's legal interpretation. Instead, the ALJ will be satisfying a necessary precondition for issuing a final order and, in turn, effecting due process. The ALJ may include language reflecting reservations on the statute's interpretation or constitutionality, but he may not side-step his statutory obligation. We grant the requested relief and remand the case for an ALJ to enter findings of fact on each Medicaid claim for which overpayment was identified in the Final Audit Report.

GRANTED.

LEWIS, ROBERTS, and LONG, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Tracy Cooper George, Chief Appellate Counsel, Agency for Health Care Administration, Tallahassee, for Petitioner.

Chance Lyman and Blake J. Delaney of Buchanan Ingersoll & Rooney PC, Tampa, and Raquel A. Rodriguez of Buchanan Ingersoll & Rooney PC, Miami, for Respondent.